RECORD v. RECORD.

No. 31665.    March 27, 1945.

*157 P. 2d 166.*

F. J. Lucas, of Tulsa, for plaintiff in error.

Fist, Dewberry, Shidler & Bragg, of Tulsa, for defendant in error.

DAVISON, J. In this appeal we are asked to review an order and award of the district court of Tulsa county directing W. J. Record to pay the sum of $3,820 as alimony at the rate of $30 per month. The action was instituted on January 30, 1939, by Ella Record, as plaintiff, to obtain a divorce from W. J. Record. Thereafter on March 10, 1939, a decree of divorce was granted. The journal entry thereof was prepared and presented to the trial judge, Harry L. S. Halley, who before signing the same wrote into the decree with pen and ink a provision awarding the plaintiff alimony at the rate of $30 per month for 14 years or until plaintiff should remarry.

In accord with this decree defendant paid plaintiff the sum of $1,300. He then failed to make further payments, whereupon he was cited for contempt of court. The trial court then held that the portion of the decree awarding alimony was void for failure to specify a lump sum.

Plaintiff, Ella Record, then filed an application for the allowance of alimony styled "Petition for Hearing on Application of Plaintiff for Alimony." The trial court entered its order setting for hearing plaintiff's application for alimony, the same to be heard on June 17, 1943.

On June 23, 1943, the matter was heard. Two witnesses were sworn and examined. The defendant demurred to the evidence. The demurrer was overruled and plaintiff was granted alimony in the sum of $3,820, subject to a credit in the sum of $1,300, leaving an unpaid balance of $2,520 to be paid at the rate of $30 per month, payments to start on July 1, 1943.

In presenting the cause to us for review the defendant, as plaintiff in error, asserts that the judgment and decision of the trial court is not supported by the evidence produced.

The record reflects that at the time of the divorce in 1939 the parties to the proceeding were living together in Tulsa, Okla. They occupied a rather large house and the defendant owned a truck which was not completely paid for. They did not have any other income-producing property. The ability of the defendant to pay alimony, therefore, rested on his ability to earn money as a trucking contractor. The evidence indicates that he could earn about $100 per month, although his earnings would be much greater if his employment were steady.

The proof as to the earnings of the defendant was very inaccurate and general but sufficient to justify our conclusion that it amounted to as much as $100 per month.

The trial court concluded that the defendant could and should pay alimony at the rate of $30 per month until $2,520 had been paid.

Defendant says in his brief that this will require him to pay alimony for

about seven years and that he will be about 63 years old when the payments are completed.

Plaintiff directs our attention to Mathews v. Mathews, 186 Okla. 245, 96 P. 2d 1054, wherein alimony was allowed, based entirely upon the anticipated future earning capacity of the husband.

In the case at bar the parties were married for 14 years. Four children of the defendant by a former marriage were raised to adults during that period. The defendant is an able-bodied man. He has remarried since his divorce from plaintiff herein and now has two more children by this subsequent marriage.

Under the facts in this case we are of the opinion, and hold, that the amount of alimony fixed by the judgment of the trial court constituted a fair and just allowance and the judgment of the trial court is affirmed.

Defendant in error calls our attention to a supersedeas bond for the sum of $1,000 and moves for judgment thereon to the extent of the past due payments of alimony. It is therefore ordered that plaintiff have judgment against the sureties on such bond to the extent of the unpaid alimony payments, not to exceed $1,000.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, and CORN, JJ., concur.